534 So.2d 81 (1988)
STATE of Louisiana, Plaintiff-Appellee,
v.
James C. WALKER, Defendant-Appellant.
No. CR88-293.
Court of Appeal of Louisiana, Third Circuit.
November 9, 1988.
*82 John P. Navarre, Oakdale, for defendantappellant.
Alfred Ray Ryder, Dist. Atty., Ray Rush, Asst. Dist. Atty., Oberlin, for plaintiff-appellee.
Before DOMENGEAUX, LABORDE and KNOLL, JJ.
KNOLL, Judge.
Defendant, James Walker, was charged with incest and indecent behavior with a juvenile, violations of LSA-R.S. 14:78 and LSA-R.S. 14:81. After a bench trial, defendant was found guilty of attempted incest and indecent behavior with a juvenile. He was sentenced to two years at hard labor on each count, the sentences to run concurrently. Defendant appeals his conviction, relying upon eight assignments of error, only three of which were briefed; five of the assignments were neither briefed nor argued, therefore, these assignments are considered abandoned. State v. Dewey, 408 So.2d 1255 (La.1982).

FACTS
The victims of these offenses are defendant's two daughters, who were 14 years of age and 12 years of age [1] at the time of the offense.
The oldest daughter testified that on March 18, 1987, at approximately 11:00 p.m., defendant took her to a self-service storage facility the family rented, purportedly to get several articles of defendant's clothing. While they were there, defendant told her to lie on a mattress in the storage shed and partially disrobe; defendant then took out his penis, laid on top of her and "just moved around". She testified that there was no penetration.
The younger daughter testified that during March of 1987 on a return trip from the washeteria, defendant stopped their automobile on Ballard Road, which is just outside Oakdale, fondled her breasts and tried to stick his hand inside her pants.
Dr. M.R. Ghanta, a medical doctor, examined the oldest daughter on March 19, 1987, at the request of the Child Protection Agency. He testified that she had old and recent lacerations of the hymen, as well as some blood clots in the vagina. Both findings were consistent with the victim's statement to him that her father had sexual intercourse with her.

*83 ATTEMPTED INCEST
Defendant contends that the trial court erred in finding him guilty of attempted incest. He argues that there is no such crime as attempted incest since there can be no incest unless there is sexual intercourse with one's descendant.
LSA-R.S. 14:78 states:
"A. Incest is the marriage to, or sexual intercourse with, any ascendant or descendant, brother or sister, uncle or niece, aunt or nephew, with knowledge of their relationship.
B. The relationship must be by consanguinity, but it is immaterial whether the parties to the act are legitimate or illegitimate or related to one another by the whole or half blood.
C. This Section shall not apply where one, not a resident of this state at the time of the celebration of his marriage, shall have contracted a marriage lawful at the place of celebration and shall thereafter have removed to this state.
D. (1) Whoever commits incest, where the crime is between an ascendant and descendant, or between brother and sister, shall be imprisoned at hard labor for not more than fifteen years.
(2) Whoever commits incest, where the crime is between uncle and niece, or aunt and nephew, shall be fined not more than one thousand dollars, or imprisoned, with or without hard labor, for not more than five years, or both."
LSA-R.S. 14:27, in pertinent part, defines attempt:
"A. Any person who, having a specific intent to commit a crime, does or omits an act for the purpose of and tending directly toward the accomplishing of his object is guilty of an attempt to commit the offense intended; and it shall be immaterial whether, under the circumstances, he would have actually accomplished his purpose.
* * * * * *
C. An attempt is a separate but lesser grade of the intended crime; and any person may be convicted of an attempt to commit a crime, although it appears on the trial that the crime intended or attempted was actually perpetrated by such person in pursuance of such attempt."
In State v. Eames, 365 So.2d 1361, at page 1363 (La.1978), the Louisiana Supreme Court stated:
"An attempt is an inchoate offense. The crime of attempt is designed to punish certain activity which was not completed incipient criminal activity. It depends for its existence on a `specific intent to commit a crime.' R.S. 14:27. If the definition of another crime includes the attempt to do something, the attempt statute, R.S. 14:27, cannot be employed, for then a defendant would be charged with an attempt to attempt to do an illegal act. The reporter's comment to R.S. 14:27 makes this clear:
`This section is in accord with the general common law concept of attempt. An attempt to commit any crime is an offense, whether the offense attempted be a felony or merely a misdemeanor. Clark and Marshall, Law of Crimes (4th ed. 1940) 153, § 113. Since there can be no such thing as an attempt to commit an attempt, there can be no attempt to commit either an aggravated assault or a simple assault. Those offenses are themselves in the nature of attempts to commit a battery. See Clark and Marshall, supra. 156, § 114(d).'"
An inchoate crime is "an incipient crime which generally leads to another crime." Black's Law Dictionary 686 (5th Ed. 1979). Since the incest statute prohibits not only marriage between persons related within a certain degree, but also sexual intercourse between these persons, it is clear that the crime of incest is not an inchoate offense. Accordingly, the concept of attempt is applicable to the crime of incest. Therefore, we find no error in the trial court's conclusion that defendant was guilty of attempted incest.
This assignment of error is without merit.

DEFENDANT'S CONFESSION
Defendant contends that the trial court erred in admitting his oral confession into *84 evidence because the State failed to prove that he was properly explained his constitutional rights before voluntarily waiving them. Defendant argues that the State failed to prove by a preponderance of the evidence that he understood his constitutional rights, and that the State should have called all the witnesses to his signature on the waiver.
LSA-Const. Art. 1, Section 13 provides:
"When any person has been arrested or detained in connection with the investigation or commission of any offense, he shall be advised fully of the reason for his arrest or detention, his right to remain silent, his right against self incrimination, his right to the assistance of counsel and, if indigent, his right to court appointed counsel. In a criminal prosecution, an accused shall be informed of the nature and cause of the accusation against him. At each stage of the proceedings, every person is entitled to assistance of counsel of his choice, or appointed by the court if he is indigent and charged with an offense punishable by imprisonment. The legislature shall provide for a uniform system for securing and compensating qualified counsel for indigents."
By adoption of LSA-Const. Art. 1, Section 13, Louisiana enhanced and incorporated the protection provided for accused persons under the Fifth Amendment of the United States Constitution recognized in Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). State In Interest of Dino, 359 So.2d 586 (La. 1978), cert. denied, 439 U.S. 1047, 99 S.Ct. 722, 58 L.Ed.2d 706 (1978).
On May 20, 1987, defendant filed a motion for discovery which requested any statements, oral or written, made by him relevant to the charges pending against him. Although the record does not contain the State's answer to defendant's discovery motion, defense counsel, Mrs. Patricia Cole, stated at trial that she was granted pretrial inspection of the State's file, and that the general content of defendant's confession to the investigating officers was stated by Sergeant Wilburn Perkins. Since there was pretrial discovery, the State was not required to give defendant written notice in advance of its opening statement that it intended to use defendant's confession. LSA-C.Cr.P. Art. 768.
LSA-R.S. 15:451 provides that before a confession may be admitted into evidence, the State must show that it was free and voluntary and not made under the influence of fear, duress, intimidation, menaces, threats, inducements, or promises. The State has the burden of proving beyond a reasonable doubt that the confession was free and voluntary. LSA-C.Cr.P. Art. 703(D); State v. Rodrigue, 409 So.2d 556 (La.1982). The conclusions of a trial court on the credibility and weight of testimony relating to the voluntariness of a confession are given great weight and will not be disturbed when supported by the record. State v. Vaccaro, 411 So.2d 415 (La.1982).
In the case sub judice, although defendant objected at trial to the introduction of his oral confession on the grounds it was not freely and voluntarily made, the record is void of a pretrial motion to suppress, despite defense counsel's knowledge of the confession through pretrial discovery. LSA-C.Cr.P. Art. 703(F) states in pertinent part that the "[f]ailure to file a motion to suppress evidence in accordance with this Article [i.e., prior to trial] prevents the defendant from objecting to its admissibility at the trial on the merits on a ground assertable by a motion to suppress." See also LSA-C.Cr.P. Art. 521. While we find that defendant is precluded under LSA-C.Cr.P. Art. 703(F) from attempting to suppress his oral confession at trial, we nonetheless find that defendant was read his Miranda rights, signed a waiver form and then made his confession. Defendant has not shown he was coerced or threatened in any way.
After carefully reviewing the record, we find that the State proved beyond a reasonable doubt that defendant's oral confession was knowingly, freely and voluntarily given.
This assignment of error is without merit.

*85 SPOUSAL TESTIMONY
Defendant contends that the trial court erred in allowing his wife to testify against him.
Defendant's wife was called as a witness by the State without objection from defendant and testified about the ages of the victims and their paternity.
LSA-C.Cr.P. Art. 841 provides that an irregularity or error cannot be availed of after verdict unless it was objected to at the time of the occurrence. See also State v. Kahey, 436 So.2d 475 (La.1983). Defendant cannot raise an objection to his wife's testimony for the first time on appeal. Not only did defendant fail to object to the testimony of his wife, but in the presentation of his defense, defendant called her as a witness.
Therefore, this assignment is not properly before us.

DECREE
For the foregoing reasons, defendant's convictions are affirmed.
AFFIRMED.
NOTES
[1] Defendant denied that he was the natural father of the youngest daughter.