738 So.2d 1158 (1999)
STATE of Louisiana, Appellee,
v.
Charles E. BURFORD, Jr., Appellant.
No. 32,099-KA.
Court of Appeal of Louisiana, Second Circuit.
June 16, 1999.
Rehearing Denied August 12, 1999.
*1159 M. Randall Fish, Counsel for Appellant.
Richard Ieyoub, Attorney General, Don M. Burkett, District Attorney, H. Melissa Sugar, Assistant District Attorney, Counsel for Appellee.
Before NORRIS, STEWART and DREW, JJ.
DREW, J.
Following the denial of his motion to suppress, the defendant pled guilty as charged to one count of DWI fourth offense, La. R.S. 14:98, and received a sentence of ten years at hard labor, with two years to be served without the benefit of probation, parole, or suspension of sentence. Defendant reserved his right to appeal the denial of his motion to suppress pursuant to State v. Crosby, 338 So.2d 584 (La.1976). Since the record reflects that defendant knowingly waived his right to counsel and other pertinent rights at the challenged 1989 and 1992 guilty pleas, the conviction and sentence are affirmed.

FACTS
On July 23, 1996, the defendant was stopped after a sheriff's deputy saw him drive his vehicle across the center line four times. When the deputy approached the defendant's vehicle, he observed beer cans strewn about the floor of the vehicle. The defendant had about him a strong odor of alcoholic impurities, along with bloodshot and watery eyes. He performed poorly on field sobriety tests. The defendant was belligerent, threatened the peace officer, refused the Intoxilyzer, yet admitted to drinking four beers.
The state posited that this poor behavior in 1996 constituted defendant's fourth offense of DWI, and charged him as such. The three alleged predicate un-counseled convictions necessary for this felony charge occurred, respectively, in September of 1988, June of 1989 and January of 1992, all in the Eleventh Judicial District, DeSoto Parish. Defendant challenged by motion to suppress all three of these prior convictions, each obtained by guilty pleas, attacking their constitutional sufficiency. The motion to suppress was submitted to the trial court on January 31, 1997. The trial court denied the motion to suppress as not well-founded on February 19, 1997.
On October 15, 1997, the defendant took an untimely writ on the denial of the motion to suppress, resulting in this court, on December 4, 1997, declining to exercise supervisory jurisdiction. Thereafter, on February 24, 1998, the defendant pled guilty to DWI, fourth offense, specifically reserving his Crosby appeal of the denial of the motion to suppress.

DEFENDANT'S ARGUMENT
Defendant's sole argument on appeal is that the un-counseled guilty pleas he entered in 1989 and 1992 (both to DWI second offense) were invalid for use as predicate offenses because when defendant appeared on these occasions without an attorney, the trial court failed to inquire into the defendant's capacity to waive counsel and whether that decision to waive *1160 counsel was a knowing and intelligent decision. Thus, the defendant urges that the 1989 and 1992 convictions should not have been used as predicate offenses by which to enhance the level of this current charge from DWI second to fourth.

DISCUSSION
This court has held that when a defendant enters an un-counseled guilty plea to DWI, the trial court must advise him specifically of the "dangers and disadvantages of self-representation so that the record will establish that he knows what he is doing and his choice [to forgo the assistance of counsel] is made with open eyes." State v. Graham, 513 So.2d 419 (La.App. 2d Cir.1987).
Whether an accused has knowingly and intelligently waived his right to counsel is a question which depends on the facts and circumstances of each case. State v. Strain, 585 So.2d 540, 542 (La. 1991). The requisite inquiry for a valid waiver of the right to counsel may vary according to the circumstances.
The older case law, beginning with Von Moltke v. Gillies, 332 U.S. 708, 68 S.Ct. 316, 92 L.Ed. 309 (1948), had said the trial judge should inquire into the accused's age, education and mental condition, and should advise him of the nature of the charges and the penalty range. Strain, supra, affirmed a DWI (third) conviction which challenged an earlier un-counseled guilty plea to DWI and held that there was a flexible test which applied to Von Moltke's rule to determine whether there was a valid waiver of counsel in misdemeanor cases.
The court reasoned in Strain that determining a defendant's understanding of his waiver of counsel in a guilty plea to an uncomplicated misdemeanor requires less judicial inquiry than determining his understanding of his waiver of counsel for a felony trial.

1988 Guilty Plea before the Hon. Claude R. Sledge, deceased:
The defendant challenged this 1988 guilty plea to DWI, first offense, in both his motion to suppress, as well as in his writ of review to this court. However, the defendant does not challenge his 1988 guilty plea on appeal, declining to brief same, thus any constitutional complaints about same are considered abandoned.

1989 Guilty Plea before the Honorable Claude R. Sledge, deceased:
The transcript of the challenged 1989 guilty plea to DWI (second) shows that the trial court conducted a mass guilty plea of defendants, some of whom apparently were charged with first offense and some of whom were charged with second offense. The court informed all the defendants at once that they had the right to an attorney and that one would be appointed if they couldn't afford to hire one. The court also informed the defendants of their rights to a trial, to confrontation and to silence at trial. The defendant indicated that he understood those rights. The court determined that the defendant was not under the influence of drugs or alcohol and was not represented by counsel.
The court advised that "there are certain disadvantages when you try to be your own lawyer in court." The defendant said he understood his right to an attorney and that he was "comfortable pleading guilty without a lawyer." The defendant further stated that he understood the charge, the possible penalty and that the conviction could be used for enhancement on subsequent convictions. The court again asked the defendant if he wanted a lawyer; he said, "No." The court then listened to the factual basis for the charge, which the defendant agreed to, accepted the plea of guilty and requested that a PSI be performed before he sentenced the defendant.
The same trial judge who accepted the defendant's 1989 guilty plea to DWI, second offense, had accepted a previous guilty plea from him only nine months before on a similar charge, DWI (first). The 1988 colloquy is a part of this record as an exhibit, reflecting that defendant is a college graduate. The court again gave complete *1161 advice during the 1989 colloquy about the defendant's Boykin rights, as well as about the possibility that this plea could enhance any future charge of DWI. The court also told him of the pitfalls of self-representation. There was no indication that the defendant was unaware of what he was doing or that his waiver of counsel was not knowing, intelligent and voluntary.

1992 Guilty Plea before the Honorable Elizabeth Pickett:
The transcript of the challenged 1992 guilty plea, also to DWI second, shows that the trial court again conducted a mass guilty plea of defendants, some of whom apparently were charged with first offense and some of whom were charged with second offense. The court informed all the defendants at once that they had the right to an attorney and that one would be appointed if they couldn't afford to hire one. The court informed the defendants that:
... there are certain dangers inherent in representing yourself. A lawyer can do things for you that you might not be able to do for yourself. They have been to law school. Any of the attorneys appointed in this parish have practiced for several years, they know what is admissible and what is not admissible, they know when to object and not to object. They know all the ends [sic] and outs pertaining to a trial and the law, now do each of you understand that you have the right to a lawyer and that there are certain dangers inherent to representing yourself. Mr. Burford, do you understand that?
The defendant answered affirmatively to this question. The court then advised Burford of the elements of his offense and the enhanced penalties for repeat offenses. The court advised the defendant of his right to remain silent, his rights to trial and to confrontation of witnesses. The court ascertained that the defendant was not under the influence of alcohol or medication, and that he had no adverse physical or mental problems which would affect his understanding of the proceedings. Burford agreed that he could read, write and "take care of his own business." Burford agreed that the factual basis was correct and the court accepted his plea and imposed sentence. The defendant then asked the court whether his plea could be under [La.C.Cr.P. article] 894 so that he could "come back within a year and get it ___." The court interrupted the defendant at that point and agreed to that procedure. This exchange, which was the only time that the defendant questioned the judge during any guilty plea procedure, clearly shows that the defendant was knowledgeable about the criminal justice system and his rights under the law.
This defendant had already been arrested and convicted at least once for DWI prior to his 1989 plea, and twice before his 1992 plea. Each time the court advised him of his rights, including the right to counsel and to appointed counsel if indigent, and of the penalties he faced.
The offenses to which he pled guilty were self-explanatory misdemeanors and he was no stranger to DWI court proceedings at the time of these pleas. The record affirmatively shows that this college-educated defendant's waivers of counsel in 1989 and in 1992 were made freely, voluntarily, and with full knowledge of the ramifications of said pleas. Thus the assigned errors lack merit, and the conviction and sentence are AFFIRMED.
APPLICATION FOR REHEARING
Before NORRIS, C.J., and STEWART, GASKINS, KOSTELKA and DREW, JJ.
Rehearing denied.