810 So.2d 1250 (2002)
STATE of Louisiana, Appellee,
v.
Johnny R. HIGHT, Appellant.
No. 35,621-KA.
Court of Appeal of Louisiana, Second Circuit.
March 1, 2002.
Rehearing Denied March 28, 2002.
*1253 Bobby L. Culpepper, Jonesboro, for Appellant.
Richard Ieyoub, Attorney General, Walter E. May, Jr., District Attorney, Charles M. Bradshaw, II Assistant District Attorney, for Appellee.
*1254 Before BROWN, CARAWAY and PEATROSS, JJ.
CARAWAY, J.
Defendant was convicted of violating La. R.S. 14:98, Driving While Intoxicated, Third Offense and sentenced to eighteen months at hard labor, with all but six months suspended, the six months to be served without benefits. The defendant appeals his conviction, urging various errors in the trial court. For the reasons stated below, the conviction and sentence are affirmed.

Facts
During the early evening of April 3, 1998, Homer Police Department Officers Jim Faulkner ("Officer Faulkner") and Jimmy Hamilton ("Officer Hamilton") were dispatched to the scene of an accident which had occurred on Hwy. 79 in Homer. The vehicles had been moved off the highway, and into a parking lot next to Regions Bank. Officer Faulkner testified at trial that defendant, Johnny R. Hight ("Hight"), rear-ended the vehicle in front of him with his pick-up truck. During the course of investigating the accident, while Hight was looking for his driver's license and proof of insurance, Office Faulkner "smelled a strong odor of alcohol about [Hight's] person." When Hight opened the passenger side door of the truck, the officer saw several empty beer cans on the floorboard and again smelled a strong odor of alcohol. Officer Faulkner testified that while Hight was walking around his truck to the passenger side, he had to hold onto the vehicle to steady himself. Officer Faulkner described Hight as "excited" and his speech as "quick." At this point, Officer Faulkner suspected that Hight may be under the influence of alcohol and asked Hight if he would perform some field sobriety tests, to which Hight agreed.
Office Faulkner initiated three field sobriety tests. First, Hight attempted the "walk and turn" or "heel to toe" test. Officer Faulkner testified that Hight was unable to complete this test, because he could not walk heel-to-toe at any point during the test. Next, Officer Faulkner asked Hight to perform the "Horizontal Gaze Nystagmus" test, which Hight could not complete because he moved his entire head from side to side, instead of following the officer's pencil with his eyes. Additionally, Hight attempted the "one-leg" test, but could not complete it because instead of standing next to his vehicle unsupported, he had to use the truck for support. Officer Faulkner testified that since Hight failed all three field sobriety tests, and based on his demeanor, he suspected Hight was under the influence of alcohol and arrested him.
Officer Hamilton testified that he observed Officer Faulkner conduct the field sobriety tests, noticed a strong odor of alcohol on Hight and saw the beer cans in the truck, and also concluded that Hight was under the influence of alcohol. After Hight's arrest, Officer Hamilton advised him of his Miranda rights and transported him to the Sheriff's Office. Both officers testified that in their opinion, Hight was under the influence of alcohol when the traffic accident occurred.
Regarding the two prior DWI convictions, the State offered a transcript of Hight's first offense DWI, to which he pled guilty in Minden City Court on August 15, 1994. Next, the State introduced a transcript of Hight's second offense DWI, to which he pled guilty in the Second Judicial District Court on August 1, 1995. During the trial, both officers testified that Hight had disclosed his date of birth, and that they had obtained Hight's social security number from Hight's driver's license. Hight's driver's license indicated that Hight was six feet tall and weighed 220 pounds. At the State's request, the trial *1255 court took judicial notice that the defendant was a white male. The evidence of Hight's birth, social security number, size, and race was used to identify the two DWI offenses as his prior offenses.
In his defense, Hight testified concerning medical problems that may have contributed to his inability to perform the field sobriety tests. Hight said that he had trouble walking due to arthritis in both knees and a history of back surgery, for which he took pain medication. Hight attempted to replicate in the courtroom two of the field sobriety tests, presumably to show that even when sober, he could not complete the tests. He also testified that when he was arrested in April, 1998, his medical condition was worse. Hight then testified concerning his date of birth and social security number. Furthermore, he admitted pleading guilty to two prior DWI offenses.
On rebuttal, both officers testified that Hight's attempt to complete in the courtroom the heel to toe test and one-leg test looked different than his attempts on the date of his arrest and that Hight's failure during the courtroom rendition to complete the tests appeared to stem more from physical impairment, not alcohol impairment.

Discussion
In his first assignment of error, Hight argues that the trial court erred by permitting the State to correct the date of the alleged offense (from April 30, 1998, to April 3, 1998), after the trial was underway, and during the first witness' testimony. Hight argues that under State v. Ayres, 509 So.2d 763 (La.App. 2d Cir. 1987), amending the date of the alleged crime once trial has begun is precluded. The State argues that in this case, the date of the offense is not an essential element of the crime, so amendment is permitted. When the date or time is not an essential element of the offense, it is a defect of form that may be amended at any time. La.C.Cr.P. art. 468[1]; La.C.Cr.P. art. 487;[2]State v. Ayres, supra.
The date of the offense is not an essential element to the offense of operating a vehicle while intoxicated. La. R.S. 14:98; State v. Hernandez, 410 So.2d 1381 (La.1982). The elements of operating a vehicle while intoxicated include: (1) the operating of any motor vehicle when (2) the operator is under the influence of alcoholic beverages; or (3) the operator's blood alcohol concentration is 0.10 percent or more by weight based on grams of alcohol per one hundred cubic centimeters *1256 of blood; or (4) the operator is under the influence of any controlled dangerous substance listed in Schedule I, II, III, IV, or V as set forth in R.S. 40:964. Clearly, the State need not prove the date of the alleged offense to obtain a conviction for DWI. Therefore, the trial court did not err and this assignment lacks merit.
By his second and third assignments of error, Hight asserts that the trial court erred in failing to exclude statements he made and the officers' testimony regarding the field sobriety tests. Hight contends that his statements and the field sobriety evidence were obtained without an advice of rights as required under Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Nevertheless, our review indicates that Hight failed to make a pre-trial motion to suppress his statements, as well as the evidence obtained from the field sobriety tests. Failure to file a motion to suppress prevents the defendant from objecting to the admissibility of evidence on any ground assertable by a motion to suppress. La. C.Cr.P. art. 703(F)[3]; State v. Walker, 534 So.2d 81 (La.App.3d 1988). Accordingly, these assignments of error are without merit.
Defendant's fourth, fifth, and eleventh assignments of error argue that the officers gave improper opinion testimony under La. C.E. art. 701. The defense contends that while a witness may properly testify as to whether an individual has been drinking alcohol, one cannot testify that another is under the influence of alcoholic beverages.
La. C.E. art. 701 provides that if the witness is not testifying as an expert, his testimony in the form of opinions and inferences is limited to those opinions or inferences which are: (1) rationally based on the perception of the witness; and (2) helpful to a clear determination of a fact at issue. It is well settled that intoxication, with its attendant behavioral manifestations, is an observable condition about which a witness may testify. State v. Allen, 440 So.2d 1330 (La.1983); State v. Minnifield, 31,527 (La.App.2d Cir.1/20/99), 727 So.2d 1207, writ denied, 99-0516 (La.6/18/99), 745 So.2d 19. It is unclear how Hight attempts to distinguish between a person being "intoxicated" and a person who is "under the influence." However, the Louisiana supreme court has found that the lay opinion of whether a person is under the influence is admissible. State v. Ryan, 122 La. 1095, 48 So. 537 (La.1909). Therefore, the officers' testimony that the defendant was under the influence of alcohol was admissible. Accordingly, these assignments of error are without merit.
Next, in assignment of error number eight, Hight argues that his prior conviction in 1995 cannot serve as a predicate offense, because: 1) he was advised of his rights collectively with several other individuals; 2) his right to counsel was not sufficiently covered; 3) there was no basis for his guilty plea; and 4) the trial court did not sufficiently advise him of the possibility of enhanced penalties if convicted again.
In order for a misdemeanor guilty plea to be used as a basis for actual imprisonment, enhancement of actual imprisonment, or conversion of a subsequent misdemeanor into a felony, the trial judge must have informed the defendant that by pleading guilty, the defendant has waived his privilege against compulsory self-incrimination, his right to trial (and jury *1257 trial where it is applicable), and his right to confront his accusers. The trial judge must also ascertain that the accused understood what the plea connotes and its consequences. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); State v. Jones, 404 So.2d 1192 (La. 1981); State v. Lott, 29,082 & 29,083 (La. App.2d Cir.1/22/97), 688 So.2d 608, writ denied, 97-0711 (La.9/26/97), 701 So.2d 979.
Hight's assertion that a Boykin advisement to a group of defendants precludes the entry of a free, knowing and voluntary guilty plea is without merit. This court has upheld predicate offenses where the Boykin advisements were given to a group of defendants. See State v. Burford, 32,099 (La.App.2d Cir.6/16/99), 738 So.2d 1158; State v. Franks, 31,641 (La.App.2d Cir.2/24/99), 730 So.2d 998. Additionally, the transcript of Hight's guilty plea indicates that he and the other defendants were collectively advised of their right to an attorney. Finally, the trial court informed them of the possibility of enhanced penalties in the event of a future conviction for a DWI offense. Moreover, the trial court personally addressed Hight with regard to his right to counsel and informed him that he would face an enhanced penalty upon a second conviction. The trial court inquired into Hight's age, occupation, and educational background before finding that he knowingly and voluntarily pled guilty. Therefore, the transcript of Hight's first guilty plea does not reveal any infringement of the defendant's rights. Accordingly, this assignment has no merit.
Hight likewise urges in assignment of error number nine, that his DWI conviction in Minden City Court cannot serve as a predicate offense, because: 1) the transcript of the proceeding was not provided through discovery; 2) the plea was made without a valid waiver of defendant's right to counsel; and (3) a video was used to discuss the defendant's rights.
First, Louisiana's discovery rules "are intended to eliminate unwarranted prejudice arising from surprise testimony and evidence." When the defendant "is lulled into a misapprehension of the strength of the state's case through the prosecution's failure to disclose timely or fully," basic unfairness may result. State v. Allen, 94-2262, (La.11/13/95), 663 So.2d 686, 688 (citations omitted). Sanctions for failure to comply with discovery motions are solely within the discretion of the trial judge and reversal is warranted only when there is an abuse of discretion and prejudice is shown. State v. Morris, 28,312 (La.App.2d Cir.8/21/96), 679 So.2d 482.
Although the State may have failed to produce a copy of the transcript in response to Hight's discovery motion, defendant was apprised of the docket number and other relevant information with which to identify the prior conviction. Moreover, Hight was provided with a copy of the minutes, waiver of rights form, traffic citation, and other documents related to the conviction. When defense counsel objected, the trial court found that the defendant was not prejudiced by the State's failure to provide a copy of the transcript. Given that the defendant was present at his guilty plea for the second offense DWI hearing, and that the State produced all relevant documents related to this conviction, we find that the trial court properly used the second guilty plea as a predicate offense, in spite of the State's failure to furnish a copy of the plea colloquy during discovery.
Regarding defendant's second and third issues with the Minden conviction, a DWI plea made without the assistance of counsel may not be used to enhance punishment of a subsequent offense *1258 absent a knowing and intelligent waiver of counsel. State v. Snider, 30,568 (La. App.2d Cir.10/21/97), 707 So.2d 1262, writ denied, 97-3025 (La.2/13/98), 709 So.2d 748; State v. Mashaw, 554 So.2d 169 (La. App. 2d Cir.1989). When a defendant waives his right to counsel, the court should advise the defendant of his right to counsel and to appointed counsel if he is indigent. State v. Inzina, 31,439 (La. App.2d Cir.12/9/98), 728 So.2d 458. The court should also determine on the record that the waiver is knowing and intelligent under the facts and circumstances of each case. Factors bearing on the validity of this determination include the age, education, experience, background, competency and conduct of the accused, as well as the nature, complexity and seriousness of the charge. State v. Strain, 585 So.2d 540 (La.1991); State v. Inzina, supra. Nonetheless, the requisite inquiry for a valid waiver of the right to counsel may vary according to the circumstances. State v. Strain, supra; State v. Sudds, 31,813 (La. App.2d Cir.3/31/99), 730 So.2d 1056.
Determining the defendant's understanding of his waiver of counsel in a guilty plea to an uncomplicated misdemeanor requires less judicial inquiry than determining his understanding of his waiver of counsel for a felony trial. State v. Strain, supra; State v. Sudds, supra; State v. Inzina, supra. Indeed, the crime of DWI is a non-complex crime, even among misdemeanors, and is almost self explanatory. Id. Furthermore, the court is generally not required to advise a defendant who is pleading guilty to a misdemeanor of the dangers and disadvantages of self representation. The critical issue on review of the waiver of the right to counsel is whether the accused understood the waiver. What the accused understood is determined in terms of the entire record and not just by certain magic words used by the judge. State v. Strain, supra; State v. Snider, supra; State v. Inzina, supra; State v. Marcoux, 96-0453 (La. App. 1st Cir.3/27/97), 691 So.2d 775, writ denied, 97-1079 (La.6/13/97), 695 So.2d 984.
By analogy to a collective Boykin procedure sanctioned in the jurisprudence cited above, the use of a video to advise several defendants of their Boykin rights does not automatically render a guilty plea invalid. The transcript of the video in the instant case indicates that Hight was thoroughly advised of his right to counsel. Moreover, after inquiring into Hight's educational background and ability to understand English, the trial court briefly recited defendant's rights again. The trial court asked Hight if he understood his rights and if he wanted to waive them; Hight responded in the affirmative. Contrary to defendant's assertion on appeal, the trial court was not required to advise him of the dangers of self-representation. Since the transcript of Hight's guilty plea to DWI second offense does not indicate any infringement of his rights, we find that this assignment of error likewise lacks merit.
By assignment of error number ten, Hight argues that the trial court erred when it took judicial notice of his social security number and birth date from the transcripts of the two prior convictions. However, Hight also notes that it is unclear from the record whether the trial court actually took judicial notice of those two facts. The record indicates that after defense counsel objected, the trial court denied the State's request. Accordingly, this assignment is moot. However, we also note that the evidence of Hight's social security number and date of birth, apart from the prior transcripts, was properly established through the State's evidence at another point in the trial.
Hight also complains through assignments of error numbers twelve and *1259 thirteen that the trial court erred when it allowed testimony after the State had rested. Specifically, Hight argues that the trial court erred after the State rested in allowing Officer Faulkner to testify as to Deputy Huffstetler's actions, which Officer Faulkner observed. Under La.C.Cr.P. 765(5), the trial court is granted discretion to permit the introduction of additional evidence prior to argument. State v. Celestine, 443 So.2d 1091 (La.1983), cert. denied, 469 U.S. 873, 105 S.Ct. 224, 83 L.Ed.2d 154 (1984); State v. Pickrom, 31,987 (La.App.2d Cir.5/5/99), 732 So.2d 800. Here, the State rested only momentarily before reopening its case. The State indicated that it would rest, then immediately asked the court about putting on one more item of testimony from Officer Faulkner concerning Hight's social security number. The defense's first witness had not yet been called for questioning. Under the circumstance concerning this slight irregularity, it is difficult to find that Hight was prejudiced in any manner whatsoever. La.C.Cr.P. art. 921.
Additionally, Hight argued that the trial court erred in allowing Officer Faulkner to testify as to what another officer did. Apparently, Hight asserts that Officer Faulkner lacked personal knowledge to testify as to what another officer said or did. However, the trial court specifically inquired into Officer Faulkner's personal knowledge and limited his testimony accordingly, as shown by the following colloquy:
The Court: Did you see him do that?
Witness: Ma'am?
The Court: Did you see him do that?
Witness: Yes, ma'am. I stood there while he got ...
The Court: Alright. You just tell us what you saw.
Accordingly, these assignments have no merit.
By four assignments, numbers fifteen, sixteen, seventeen, and eighteen, Hight argues there was insufficient evidence to find him guilty of DWI, Third Offense. First, the defense argues that the conflicting testimony by the officers cannot serve as the sole basis for a conviction. Secondly, the defense asserts that there was an insufficient connection between Hight and the prior two convictions discussed above.
Under Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), the proper standard of appellate review for a sufficiency of evidence claim is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. State v. Bellamy, 599 So.2d 326 (La.App. 2d Cir.1992), writ denied, 605 So.2d 1089 (La.1992).
The Jackson standard is applicable in cases involving both direct and circumstantial evidence. An appellate court reviewing the sufficiency of evidence in such cases must resolve any conflict by viewing that evidence in the light most favorable to the prosecution. When the evidence is thus viewed, the facts established by the direct evidence or inferred from the circumstances must be sufficient for a rational trier of fact to conclude beyond a reasonable doubt that defendant was guilty of every essential element of the crime. State v. Sutton, 436 So.2d 471 (La.1983); State v. Lott, 535 So.2d 963 (La.App. 2d Cir.1988).
In order to convict an accused of driving while intoxicated, the prosecution need only prove that defendant was under the influence of alcohol or drugs. State v. Courtney, 30,629 (La.App.2d Cir.5/13/98), 714 So.2d 176; State v. Edwards, 591 So.2d 748 (La.App. 1st Cir. 1991), writ denied, 94-0452 (La.6/21/96), 675 So.2d 1072; State v. Iles, 96-256 (La. *1260 App. 3d Cir.11/6/96), 684 So.2d 38. Some behavioral manifestations, independent of any scientific test, are sufficient to support a charge of driving while intoxicated. State v Courtney, supra; State v. Neilson, 27,239 (La.App.2d Cir.8/23/95), 660 So.2d 130; State v. Pitre, 532 So.2d 424 (La.App. 1st Cir.1988), writ denied, 538 So.2d 590 (La.1989). It is not necessary that a conviction of DWI be based upon a blood or breath alcohol test, and the observations of an arresting officer may be sufficient to establish defendant's guilt. Intoxication is an observable condition about which a witness may testify. State v. Allen, supra.
The appellate court does not assess credibility or re-weigh evidence. State v. Smith, 94-3116 (La.10/16/95), 661 So.2d 442. In the absence of internal contradiction or irreconcilable conflict with physical evidence, one witness's testimony, if believed by the trier of fact, is sufficient to support the requisite factual finding. State v. Gradick, 29,231 (La.App.2d Cir.1/22/97), 687 So.2d 1071; State v. Braswell, 605 So.2d 702 (La.App. 2d Cir.1992).
Although the testimony of Officers Faulkner and Hamilton may have differed regarding the degree to which Hight successfully completed any of the field sobriety tests, their testimony indicated that defendant did not perform the tests well due to his impairment. They both testified regarding the smell of alcohol on the defendant. Moreover, both officers testified that their opinion was that Hight was under the influence of alcohol. Although Hight attempted to attribute his poor performance on the sobriety tests to long-standing physical ailments, the trial court found the officers' testimony to be more credible. Viewing the evidence in a light most favorable to the prosecution, the evidence was sufficient to find Hight guilty of operating a vehicle while intoxicated.
Secondly, Hight urges that the State did not establish that he was the same defendant in the two predicate DWI convictions. In Louisiana, proof that a person of the same name has been previously convicted does not constitute prima facie evidence that the two persons are the same. The State must additionally offer proof that the accused is the same person as the defendant previously convicted. City of Monroe v. French, 345 So.2d 23 (La. 1977). Various methods may be used to prove that the defendant on trial is the same person whose name is shown as the defendant in the evidence of a prior conviction, such as: testimony of witnesses, expert opinion as to the fingerprints of the accused when compared with those of the person previously convicted, photographs contained in a duly authenticated record, or evidence of identical driver's license number, sex, race and date of birth. See State v. Westbrook, 392 So.2d 1043 (La. 1980); State v. Curtis, 338 So.2d 662 (La. 1976).
The trial court took judicial notice that Hight was a white male. Hight testified as to his driver's license number, date of birth, and social security number. Hight testified to the same date of birth and social security number during the plea colloquy for his 1995 DWI. In addition, the evidence produced with regard to the second conviction indicates the same race, sex, date of birth, social security number, and driver's license number as the defendant in this case. Furthermore, on cross-examination, Hight testified that he pled guilty to DWI on two prior occasions. We hold therefore that the evidence submitted is sufficient to identify Hight as the same person who pled guilty to the two prior DWIs. The trial court did not err in finding Hight guilty of operating a vehicle while intoxicated, third offense. Accordingly, these assignments lack merit.
By separate assignments of error, numbers six and seven, Hight complains *1261 of various evidentiary rulings by the trial court. Nevertheless, Hight has failed to brief each of these assignments of error. Assignments of error which are neither briefed nor argued are considered abandoned. URCA Rule 2-12.4; State v. Schwartz, 354 So.2d 1332 (La.1978); State v. Kotwitz, 549 So.2d 351 (La.App. 2d Cir. 1989), writ denied, 558 So.2d 1123 (La. 1990). A mere statement of an assignment of error in a brief does not constitute briefing of the assignment; therefore, these assignments are deemed abandoned. State v. Toney, 26,711 (La.App.2d Cir.3/1/95), 651 So.2d 387; State v. Williams, 632 So.2d 351 (La.App. 1st Cir. 1993), writ denied, 94-1009 (La.9/2/94), 643 So.2d 139.

Error Patent Review
In this case, the trial court did not order in the sentencing that Hight's vehicle be forfeited pursuant to La. R.S. 14:98(D)(2). We have reviewed the sentence in accordance with State v. Williams, XXXX-XXXX (La.11/29/01), 800 So.2d 790, a case which also involved a third offense DWI. Williams ruled that pursuant to La. C.Cr.P. arts. 920 and 882, the appellate court's error patent review can extend to illegally lenient sentences and require remand of the case to the district court for resentencing. In Williams, the appellate court had found error patent because of the trial court's failure (i) to impose the mandatory $2,000 fine and (ii) to require the seizure and sale of the vehicle being driven at the time of the offense. La. R.S. 14:98(D)(2) imposes the vehicle forfeiture penalty as follows:
(2)(a) In addition, the court shall order that the vehicle being driven by the offender at the time of the offense shall be seized and impounded, and sold at auction in the same manner and under the same conditions as executions of writ of seizures and sale as provided in Book V, Title II, Chapter 4 of the Code of Civil Procedure.
(b) The vehicle shall be exempt from sale if it was stolen, or if the driver of the vehicle at the time of the violation was not the owner and the owner did not know that the driver was operating the vehicle while intoxicated. If this exemption is applicable, the vehicle shall not be released from impoundment until such time as towing and storage fees have been paid.
Clearly, in Williams, the failure to impose the fine of $2,000 is error patent since under La.C.Cr.P. art. 920(2) the error was "discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence" (emphasis added). Nevertheless, unlike Williams, in this case, the trial court properly imposed the $2,000 fine and default jail time, pursuant to La.C.Cr.P. art. 884 in lieu of payment of the fine. Whether error patent review also applies to the vehicle forfeiture penalty presents a different issue, however, because under La. R.S. 14:98(D)(2)(b), proof that the vehicle used at the time of the crime was owned by the defendant would apparently be necessary. Accordingly, it is unclear to us "on the mere inspection of the pleadings and proceedings" alone that the trial court failed to require vehicle forfeiture.

Conclusion
Rejecting the defendant's assignments of error, the conviction and sentence of defendant, Johnny R. Hight, are affirmed.
AFFIRMED.

APPLICATION FOR REHEARING
Before BROWN, STEWART, CARAWAY, PEATROSS, and DREW, JJ.
Rehearing denied.
NOTES
[1] La.C.Cr.P. art. 468 reads:

The date or time of the commission of the offense need not be alleged in the indictment, unless the date or time is essential to the offense.
If the date or time is not essential to the offense, an indictment shall not be held insufficient if it does not state the proper date or time, or if it states the offense to have been committed on a day subsequent to the finding of the indictment, or on an impossible day.
All allegations of the indictment and bill of particulars shall be considered as referring to the same date or time, unless otherwise stated.
[2] La.C.Cr.P. art. 487(A) states: "An indictment that charges an offense in accordance with the provisions of this Title shall not be invalid or insufficient because of any defect or imperfection in, or omission of, any matter of form only, or because of any miswriting, misspelling, or improper English, or because of the use of any sign, symbol, figure, or abbreviation, or because any similar defect, imperfection, omission, or uncertainty exists therein. The court may at any time cause the indictment to be amended in respect to any such formal defect, imperfection, omission, or uncertainty. Before the trial begins the court may order an indictment amended with respect to a defect of substance. After the trial begins a mistrial shall be ordered on the ground of a defect of substance."
[3] La.C.Cr.P. art. 703(F) states, in pertinent part:

Failure to file a motion to suppress evidence in accordance with this Article prevents the defendant from objecting to its admissibility at the trial on the merits on a ground assertable by a motion to suppress.