STEWART, J.
| ]The defendant, Johnny Jerred, entered a Crosby plea to the charge of possession of marijuana, second offense. He was sentenced to serve three years imprisonment at hard labor, which was suspended, and he was placed on supervised probation for a term of three years. The trial court also sentenced the defendant to a fine of $500 and to pay all costs. The defendant now appeals. For the reasons that follow we affirm the defendant’s conviction and sentence.
FACTS
On July 12, 2006, the defendant was charged by bill of information with possession of marijuana, second offense. A motion to quash the first conviction (predicate offense) of possession of marijuana was filed on February 16, 2006. After a hearing on May 2, 2006, the trial court denied the defendant’s motion to quash. Thereafter, the defendant entered a Crosby[1] plea on May 2, 2006, to possession of marijuana second offense, preserving his right to seek an appeal of the trial court’s denial of his motion to quash. The trial court sentenced the defendant to serve three years imprisonment at hard labor, which was suspended, and the defendant was placed on three years supervised probation. He was ordered to pay all costs, and, as a condition of probation, to pay a $500 fine, plus other fines and fees.
The basis for the motion to quash was that the state had not demonstrated that the defendant had made a knowing and voluntary waiver of his constitutional rights in his predicate offense of possession of | ¡¿marijuana in district court docket number 38,575 on December 8, 2004. Specifically, the defense noted that the trial court went over the defendant’s constitutional rights, but there was no colloquy between the trial court and the defendant to determine whether or not he understood those rights. It also noted that there was no colloquy between the trial court and the defendant to determine his ability to understand the proceedings. The defendant urged that the predicate offense should not be used for the instant conviction of second offense possession of marijuana. After hearing brief arguments at the motion to suppress proceeding, the trial court cited and adopted the language in State v. Simmons, infra, and then denied the motion to suppress.
During the predicate offense guilty plea proceeding held December 8, 2004, the trial court addressed a group of defendants, including Johnny Jerred, who were charged with a variety of offenses. The trial court collectively advised the group of the nature of the different charges and the respective penalties and possible use as penalty enhancements, the trial rights including the Jackson-Boykin[2] three right articulation rule, and the right to representation by an attorney at no charge. The trial court then personally addressed the defendant:
*911 The Court: Give us your Ml name, Mr. Jerred?
Mr. Jerred: Johnny Ency (phonetic) Jerred.
The Court: Okay, Mr. Jerred, you’re here today charged with possession of marijuana, first offense, how do you plead?
| sMr. Jerred: Guilty.
The Court: You hear all the rights I went over with you?
Mr. Jerred: Yes sir.
The Court: Any questions?
Mr. Jerred: No sir.
The Court: You understand you have the right to an attorney?
Mr. Jerred: Yes.
The Court: You want to give up that right and proceed with your case and represent yourself?
Mr. Jerred: Yes sir.
The Court: You understand if you plead guilty you give up the right to trial, the right to confront witnesses against you, the right to compel witnesses to testify on your behalf, the right not to incriminate yourself and the right to require the State to prove your guilt beyond a reasonable doubt, you understand all those rights?
Mr. Jerred: Yes sir.
The Court: You understand if you plead guilty you give them up, is that what you want to do?
Mr. Jerred: Yes sir.
The Court: All right. Date of birth?
Mr. Jerred: January 15th, '82.
[[Image here]]
The Court: And your social security number?
[[Image here]]
The Court: All right. You got any questions?
Mr. Jerred: No sir.
|4The Court: I feel that Mr. Jerred’s plea is knowingly, intelligently and voluntarily entered and made as to possession of marijuana, first offense. I file the written judgment....
DISCUSSION

Waiver of Counsel

In brief, the defense frames the issue as whether, in addition to advising a pleading pro se defendant of his right to counsel, the trial court must also determine on the record from the circumstances that the waiver of counsel is knowing and intelligent. It questions whether it was error for the trial court in the predicate offense to make no inquiry into the defendant’s ability to understand that waiver.
The defense cites State v. Strain, 585 So.2d 540 (La.1991) and State v. Stevison, 1997-3132 (La.10/30/98), 721 So.2d 843. The defense contends that a review of the transcript of the uncounseled guilty plea in the predicate offense reveals an inadequate inquiry into whether the waiver of counsel was knowing and intelligent. The defense describes the guilty plea proceeding as a “cattle call,” and notes that the defendant’s date of birth and social security number were apparently requested for record-keeping purposes. It observes that no inquiry was made into the defendant’s education, experience, background, mental competency, or facts underlying the offense. Furthermore, the defense argues that, although the trial court determined that the defendant’s guilty plea was knowing and voluntary, it failed to make a similar finding regarding the waiver of counsel. Finally, the defense contends that nothing in the record supports the conclusion that the defendant adequately understood the important right he was giving up. | RAccordingIy, the defense as *912 serts that the record fails to adequately establish an effective knowing and intelligent waiver of the right to counsel.
The state reproduces the guilty plea colloquy for the predicate offense and cites the applicable law. The state argues that the trial court went through a complete Boykin examination and the defendant indicated that he understood all of his constitutional rights. The state cites State v. Gipson, infra, arguing that the appellate record shows that the defendant in the case at bar likewise had previous experience in the judicial system. It notes that the defendant had an 11th grade education and obtained his GED after dropping out of high school. The state observes that the defendant correctly recited his birth date and social security number during the guilty plea colloquy in the predicate offense. The state observes that the defendant obviously knew what marijuana was and asserts that the charge of possession is not difficult to understand. It concludes that the trial court correctly concluded that the guilty plea in the predicate offense was knowingly, intelligently, and voluntarily made and, therefore, the motion to suppress was properly denied.
La. C. Cr. P. art. 556 sets forth the duty of the court when accepting a guilty plea in misdemeanor cases. It provides:
A. Except as otherwise provided in Paragraph B of this Article or in R.S. 32:57 or in any other applicable law, in a misdemeanor case, if the defendant is not represented by counsel of record, the court shall not accept a plea of guilty or nolo contendere without first determining that the plea is voluntary and is made with an understanding of the nature of the charge and of his right to be represented by counsel.
B. In a misdemeanor case in which the court determines that a sentence of imprisonment will actually be imposed or in which | Bthe conviction can be used to enhance the grade or statutory penalty for a subsequent offense, the court shall not accept a plea of guilty or nolo con-tendere without first addressing the defendant personally in open court and informing him of, and determining that he understands, all of the following:
(1) The nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law.
(2) If the defendant is not represented by an attorney, that he has the right to be represented by an attorney at every stage of the proceeding against him and, if financially unable to employ counsel, one will be appointed to represent him.
(3) That he has the right to have a trial, and if the maximum penalty provided for the offense exceeds imprisonment for six months or a fíne of one thousand dollars, a right to trial by a jury or by the court, at his option.
(4) At that trial he has the right to confront and cross-examine witnesses against him and the right not to be compelled to incriminate himself.
(5) That if he pleads guilty or nolo contendere there will not be a further trial of any kind, so that by pleading guilty or nolo contendere he waives the right to a trial.
C.The court shall require either:
(1) That a verbatim record of the proceedings at which the defendant enters a plea be made.
(2) That a form reflecting the court’s advice to the defendant and the court’s inquiry into the voluntariness of the plea be signed by the court and the defendant and filed in the record at the time of the plea.
*913 D. Any variance from the procedures required by this Article which does not affect substantial rights of the defendant shall not invalidate the plea.[3]
The court in State v. Strain, supra held:
|7The judge, in accepting a waiver of counsel at trial, should advise the accused of the nature of the charges and the penalty range, should inquire into the accused’s age, education and mental condition, and should determine according to the totality of the circumstances whether the accused understands the significance of the waiver. See Von Moltke v. Gillies, 332 U.S. 708, 68 S.Ct. 316, 92 L.Ed. 309 (1948). While the judge need not inquire into each and every factor stated in the Von Moltke plurality opinion in order to establish a valid waiver of the right to counsel at trial, there must be a sufficient inquiry (preferably by an interchange with the accused that elicits more than “yes” and “no” responses) to establish on the record a knowing and intelligent waiver under the overall circumstances.
State v. Stevison, supra at p. 844, added: Although Strain observed that “[f]actors bearing on the validity of [the waiver] include the age, education, experience, background, competency and conduct of the accused,” id., 585 So.2d at 543, we did not thereby establish inflexible criteria or a magic word formula for determining the voluntariness of a waiver. The inquiry into the validity of the accused’s waiver of counsel must take into account the totality of the circumstances in each case. Id.
In the recent case of State v. Simmons, 2005-1462 (La.3/17/06), 924 So.2d 137, the supreme court held that the court of appeal erred in reversing the district court judgment denying the defendant’s motion to quash the bill of information for second offense DWI on grounds that the record of the predicate 1995 DWI conviction did not affirmatively demonstrate a knowing and intelligent waiver of the right to counsel. It reasoned:
The present record reveals that the district judge in 1995 complied with State v. Strain, 585 So.2d 540, 543 (La.1991) by conducting an examination of various “[f]actors bearing on the validity of [the waiver] including the age, education, experience, background, competency and conduct of the accused,” before accepting defendant’s waiver of counsel and ensuing plea of no contest. Strain otherwise did not establish a rigid set of criteria for determining the voluntariness of a Dplea in misdemeanor cases and an accompanying waiver of counsel because a trial judge who personally addresses the accused during the colloquy (in the present case via satellite video, see La. C. Cr. P. art. 551(B)) is in a position “to assess the extent of inquiry necessary to determine the knowing, intelligent and voluntary nature of the waiver of counsel as well as of the guilty plea.” Id.,Id., 585 So.2d at 543; cf. Iowa v. Tovar, 541 U.S. 77, 124 S.Ct. 1379, 1387, 158 L.Ed.2d 209 (2004)(‘We have not ... prescribed any formula or script to be read to a defendant who states that he elects to proceed without counsel. The information a defendant must possess in order to make an intelligent election, our decisions indicate, will depend on a range of case- *914 specific factors, including the defendant’s education or sophistication, the complex or easily grasped nature of the charge, and the stage of the proceeding.”). (Emphasis added.)
This court has upheld predicate offenses where the Boykin advisements were given to a group of defendants. State v. Hight, 35,621 (La.App. 2d Cir.3/1/02), 810 So.2d 1250, writ denied, 2002-1181 (La.11/22/02), 829 So.2d 1036, citing State v. Burford, 32,099 (La.App. 2d Cir.6/16/99), 738 So.2d 1158; State v. Franks, 31,641 (La.App. 2d Cir.2/24/99), 730 So.2d 998. Additionally, in Hight, the transcript of the guilty plea indicated that Hight and the other defendants were collectively advised of their right to an attorney.
Finally, the state cites State v. Gipson, 514 So.2d 646 (La.App. 2d Cir.1987), writ granted in part, judgment amended[4], 521 So.2d 1143 (La.1988), which held:
It is, of course, the better practice to advise the defendant, in detail, of the dangers and disadvantages of self-representation. The question here is whether, in the absence of that specific advice, the record provides a basis for concluding the defendant was aware of this danger and disadvantage.
[[Image here]]
| sIt is apparent from these facts that prior to these offenses the defendant had extensive experience with the judicial process and criminal justice system. Consequently, under the circumstances existing in these particular cases there is a sound basis for concluding defendant was, at the time of waiving legal counsel, aware of the danger and disadvantage of self-representation.
A review of the record, including the transcript of the guilty plea colloquy in the predicate offense, reveals that the trial court properly advised the defendant, both collectively and personally, of the Jacksoiv-Boykin three-right articulation rule and the right to representation by an attorney at no charge, thereby complying with the requirements of La. C. Cr. P. art. 556 and the constitutional mandates of the pertinent jurisprudence. Furthermore, the trial judge in the case sub judice personally addressed the defendant during the colloquy and was in a position “to assess the extent of inquiry necessary to determine the knowing, intelligent and voluntary nature of the waiver of counsel as well as of the guilty plea.” State v. Simmons, supra, citing Strain, supra, 585 So.2d at 543. The record supports the finding that the trial court’s inquiry was sufficient, considering the easily grasped nature of the charge of possession of marijuana first offense and other case-specific factors. On this record, it cannot be said the trial court erred in denying the motion to suppress. These arguments are meritless.
This assignment is therefore without merit.
CONCLUSION
For the foregoing reasons, we affirm the defendant’s conviction and sentence.
AFFIRMED.

. State v. Crosby, 338 So.2d 584 (La.1976).

. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); State ex rel. Jackson v. Henderson, 260 La. 90, 255 So.2d 85 (1971).

. The comments to paragraph D state that it is the “Harmless error” provision, which follows a recent Louisiana Supreme Court ruling applying the "harmless error” provisions of La. C. Cr. P. art. 921 to determine whether a technical violation of La. C. Cr. P. art. 556.1 should result in setting aside a guilty plea. See State v. Guzman, 769 So.2d 1158 (La. 2000).

. The sentence was amended to provide for concurrent sentences.