STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

12-1382

STATE OF LOUISIANA

VERSUS

AARON ORLANDO RICHARDS

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. CR125921
HONORABLE PATRICK LOUIS MICHOT, DISTRICT JUDGE

**********

**JOHN D. SAUNDERS**
**JUDGE**

**********

Court composed of John D. Saunders, Marc T. Amy, and James T. Genovese, Judges.

**AFFIRMED, WITH INSTRUCTIONS.**

**Michael Harson**
**District Attorney, 15th Judicial District Court**
**Cynthia K. Simon, Assistant District Attorney**
**Post Office Box 3306**
**Lafayette, LA 70502-3306**
**(337) 232-5170**
**COUNSEL FOR APPELLEE:**
    **State of Louisiana**

**Edward John Marquet**
**Louisiana Appellate Project**
**Post Office Box 53733**
**Lafayette, LA 70505-3733**
**(337) 237-6841**
**COUNSEL FOR DEFENDANT/APPELLANT:**
     **Aaron Orlando Richards**

**Aaron Orlando Richards, Pro se**
**Louisiana State Penitentiary**
**Camp J, Gar 3-L**
**Angola, LA 70712**

**SAUNDERS, Judge.**

Aaron Orlando Richards was charged on October 15, 2009, by a bill of information, with one count of second degree robbery, a violation of La.R.S. 14:64.4. Jury trial commenced on October 11, 2011, and on October 12, 2011, the jury returned a verdict of guilty as charged. The trial court ordered a presentence investigation report.

Sentencing occurred on May 30, 2012. Defendant was sentenced to twenty-five years imprisonment. It was noted at the time that a habitual offender hearing was set for June 27, 2012. Defendant filed a "Motion for Reconsideration of Sentence" on June 8, 2012. The motion was denied without hearing on June 12, 2012.

Defendant has perfected a timely appeal. He asserts two assignments of error: 1) the State of Louisiana failed to affirmatively prove that the confession given on May 5, 2009, was freely and voluntarily made and not made under the influence of fear, duress, intimidation, menaces, threats, inducements, or promises; and 2) without the inadmissible confession, the State failed to provide sufficient evidence that Defendant committed the offense of second degree robbery.

**FACTS:**

On April 16, 2009, Defendant, along with another man, accosted the victim, Addie Bourgeois, as she exited her car in the parking lot of Buffalo Wild Wings Sports Bar. The man punched the victim twice in the face, causing serious injury, took her purse containing credit cards and money while Defendant acted as a lookout.

**ERRORS PATENT:**

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed by this court for errors patent on the face of the record. After reviewing the record, we find that there is one error patent.

Louisiana Code of Criminal Procedure Article 930.8 provides that the defendant has two years after the conviction and sentence become final to seek post-conviction relief. Section C of Article 930.8 provides in pertinent part: "At the time of sentencing, the trial court shall inform the defendant of the prescriptive period for post-conviction relief either verbally or in writing." In this case, the transcript of sentencing indicates the trial court, referring to post-conviction relief, informed Defendant that he has two years to file for post-conviction relief. We find that the trial court's advisement was insufficient. *State v. Roe*, 05-116 (La.App. 3 Cir. 6/1/05), 903 So.2d 1265, *writ denied*, 05-1762 (La. 2/10/06), 924 So.2d 163. Thus, we order the trial court to instruct Defendant of the provisions of La.Code Crim.P. art. 930.8 by sending appropriate written notice to him within thirty days of the rendition of this opinion and to file written proof in the record that Defendant received the notice. *Roe*, 903 So.2d 1265.

## ASSIGNMENTS OF ERROR NUMBERS ONE AND TWO:

Defendant argues that the State did not affirmatively establish at trial that the incriminating statements he made to the police were freely and voluntarily made. Defendant argues that there was no corroboration such as a written or recorded statement by him to support the police officer's testimony that he admitted that he acted as a lookout for his co-perpetrator. Furthermore, Defendant argues that without his confession, there was insufficient evidence to sustain the jury's verdict of guilty of second degree robbery.

On the issue of admission of a confession at trial, the fifth circuit noted in *State v. Clofer,* 11-494, p. 5 (La.App. 5 Cir. 11/29/11), 80 So.3d 639, 642:

2

Before introducing a defendant's inculpatory statement made during a custodial interrogation, the State must prove beyond a reasonable doubt that the defendant was first advised of his *Miranda* rights, and that the statement was made "freely and voluntarily, and not under the influence of fear, intimidation, menaces, threats, inducement or promises." *State v. Rose*, 05-770, p. 9 (La.App. 5 Cir. 2/27/06), 924 So.2d 1107, 1111, *writ denied,* 06-1286 (La.11/22/06), 942 So.2d 554.

Defendant further argues that "[t]he obligation to establish the free and voluntary nature of the confession or statement is mandatory and must be affirmatively established by the State. This cannot and was not waived by the defendant and is not simply a prophylactic measure that can be skipped." However, as correctly pointed out by the State, Defendant neither filed a motion to suppress the statements prior to trial, nor did he object to the police officer's testimony regarding the statements Defendant made during the interrogation concerning his participation in the second degree robbery.

At trial, Detective Borel, a detective with the Lafayette City Police Department, testified that during his investigation of the crime, he was given Defendant's name as a suspect. On April 28, 2009, Defendant was arrested, and after he was advised of his *Miranda* rights, he acknowledged and signed a waiver of rights form. At the time, he denied involvement in the offense. However, on May 5, 2009, Defendant returned to the police station without being asked, and he volunteered the information that he was with a Mr. Darvin when the robbery occurred and acted as a lookout. Again, prior to this admission, Defendant was read the *Miranda* rights, which he again acknowledged and signed the form. At no time during the detective's testimony did Defendant object.

In *State v. Walker*, 534 So.2d 81, 84 (La.App. 3 Cir. 1988), this court found that the defendant's confession was freely and voluntarily given and stated:

In the case *sub judice*, although defendant objected at trial to the introduction of his oral confession on the grounds it was not freely and voluntarily made, the record is void of a pretrial motion to

3

suppress, despite defense counsel's knowledge of the confession through pretrial discovery. LSA-C.Cr.P. Art. 703(F) states in pertinent part that the "[f]ailure to file a motion to suppress evidence in accordance with this Article [i.e., prior to trial] prevents the defendant from objecting to its admissibility at the trial on the merits on a ground assertable by a motion to suppress." See also LSA-C.Cr.P. Art. 521. While we find that defendant is precluded under LSA-C.Cr.P. Art. 703(F) from attempting to suppress his oral confession at trial, we nonetheless find that defendant was read his *Miranda* rights, signed a waiver form and then made his confession. Defendant has not shown he was coerced or threatened in any way.

Further, in *State v. Moore,* 38,444 (La.App. 2 Cir. 6/23/04), 877 So.2d 1027, *writ denied,* 04-2316 (La. 2/4/05), 893 So.2d 83, the state submitted DNA evidence and the defendant objected at trial. The second circuit noted that the defendant's failure to file a motion to suppress prevented him from objecting to its admissibility at the trial on the merits on a ground assertable by a motion to suppress.

In the current case, Defendant confessed his participation in the robbery. Defendant was *Mirandized* twice regarding the voluntariness of the statements. The advice of rights forms were submitted into the record. "The conclusions of a trial court on the credibility and weight of testimony relating to the voluntariness of a confession are given great weight and will not be disturbed when supported by the record." *Walker,* 534 So.2d at 84. Thus, even if Defendant is precluded from attempting to suppress his confession, there is sufficient evidence in the record to indicate that the confession was freely and voluntarily made. Accordingly, the evidence was sufficient to sustain the jury's verdict, and we find that these assignments of error are without merit.

**DECREE:**

Defendant's conviction of second degree robbery is affirmed. The trial court is ordered to instruct Defendant of the provisions of La.Code Crim.P. art. 930.8 by

4

sending appropriate written notice to him within thirty days of the rendition of this opinion and to file written proof in the record that Defendant received the notice.

**AFFIRMED, WITH INSTRUCTIONS.**