321 So.2d 497 (1975)
STATE of Louisiana
v.
Tracy W. NEAL.
No. 56483.
Supreme Court of Louisiana.
November 3, 1975.
*498 Samuel T. Singer, Winnsboro, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Don K. Carroll, Dist. Atty., S. E. Lee, Jr., Asst. Dist. Atty., for plaintiff-appellee.
CALOGERO, Justice.
Defendant, Tracy W. Neal, was found guilty of simple burglary, a violation of La.R.S. 14:62 and was sentenced to serve 9 years at hard labor. He appeals, relying upon two assignments of error in urging reversal of his conviction and sentence.
The facts evidence that at approximately 10:00 p.m. on July 20, 1974 defendant broke the plate glass door of the Wiggins Drug Store in Winnsboro, La. and entered the building. The police were contracted, and they arrived on the scene within a few minutes. A short while thereafter an employee of the store arrived and turned on the lights. A search was conducted and defendant was found hiding in a storeroom on the premises.
The defense urged was intoxication. Defendant contended that his intoxicated condition negated "the presence of criminal intent." Apparently his argument, more fully, is that an element of burglary is intent to commit a felony within the structure entered, (R.S. 14:62), and that the requisite intent is specific [R.S. 14:10(1)] rather than general [R.S. 14:10(2)].
ASSIGNMENT OF ERROR NO. 1.
Defendant denotes as error the trial court's ruling that his oral confession was a free and voluntary one, given after he was informed of his rights under Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), and thus admissible in evidence. It is defendant's principal contention that the confession was the result of interrogation of an illiterate person not fully apprised of his constitutional rights and thus not voluntarily given. He also *499 notes that the interrogation was conducted after he had been in custody for two days, charged with the instant crime; that the interrogation lasted between forty-five minutes and one hour; that he was not presented a waiver of rights statement to sign; and that he was not informed of the procedure by which an attorney would be appointed to represent him.
The principles applicable to admissibility of confessions or inculpatory statements are well settled. Before a confession can be introduced into evidence, the state must show that it was freely and voluntarily given. La.R.S. 15:451. Under Miranda, the state may not use statements or confessions stemming from a custodial interrogation unless it is shown that the state used safeguards effective to secure the privilege against self-incrimination. Determination of the admissibility of a particular confession is dependent upon the unique facts presented in each case.
During trial of the instant matter, prior to the introduction of defendant's confession, the jury was excused from the courtroom, and the state presented evidence to show the circumstances under which the confession was obtained. The sole witness was Deputy William Holcomb, the officer who conducted the interrogation. No one else was present during the approximately one-hour-long interrogation session.
Deputy Holcomb stated that he did not use force, threats, or coercion, and that he made no promises or misrepresentations in order to obtain the statement. He stated that defendant informed him that he had never been to school, and that he knew defendant was illiterate, able only to write his name. Deputy Holcomb testified that he took extra care in conveying to defendant his Miranda rights; in addition to reading them aloud, he explained them in language which was explicit and exhaustive. He testified that he spent ten minutes explaining the Miranda rights and that the defendant understood the rights. Deputy Holcomb's explanations were exhaustive and he testified that he explained all of the rights, including the right to appointed counsel. At one point during his testimony on cross-examination, however, he admitted that he had not specified the mechanics of the appointment of counsel for an indigent accused, i.e., when and by whom the appointment would be made. He specifically testified, however, that defendant said he did not want a lawyer. He further acknowledged that he did not have defendant sign a waiver of rights form, explaining that defendant had signed one earlier.
The state presented no further evidence. Defendant did not testify nor did he call any witnesses. He relied exclusively upon his contention that the statement was not freely and voluntarily given in that he did not fully understand his right to an attorney and his right to remain silent.
We have thoroughly reviewed the testimony and find that the evidence supports the trial court's finding that the confession was freely and voluntarily given. The uncontroverted testimony of Deputy Holcomb establishes that the confession was obtained without the use of force, threats, or promises and after defendant was adequately advised of his rights.
The mere fact of illiteracy does not preclude a knowing and voluntary confession. Cf. State v. Nicholas, No. 56,438 on the docket of this Court, decision rendered 10/1/75, 319 So.2d 361 (La.1975). In the instant case, Deputy Holcomb testified under oath that he orally explained to defendant all of the rights of which an accused must be informed prior to interrogation, and that defendant understood these rights. Defendant presented no evidence to contradict this testimony. Under these circumstances, defendant's inability to read and write does not affect the voluntary nature of the confession. See State v. Sears, 298 So.2d 814 (La. 1974).
*500 Nor do we find that any of the other factors pointed to by defendant negates the free and voluntary nature of this confession. A one hour interrogation conducted after the accused has been in custody for two days, standing alone, is not in our opinion per se an unreasonable procedure, especially where, as here, defendant has not shown or even alleged that he was mistreated in any way either while in custody or during the questioning.
In regard to the failure of Deputy Holcomb to have defendant sign a written waiver of rights form, we find that the better procedure would have been for him to do so, but the lack of such a written waiver is only one factor to be considered and is not determinative of the issue of the voluntariness of the confession. State v. Navarre, 302 So.2d 273 (La.1974).
Defendant in seeking to have us rule that the admission of the confession was error cites Spano v. New York, 360 U.S. 315, 79 S.Ct. 1202, 3 L.Ed.2d 1265 (1959). That pre-Miranda decision concerned a confession obtained from an accused after eight hours of interrogation, after misrepresentations and trickery by the interrogating police officers, and after the accused's repeated requests to speak to his attorney (defendant had obtained retained counsel prior to the interrogation) were ignored. The Supreme Court in Spano found that under traditional principles the confession was not a voluntary one. That decision does not stand for the proposition, as argued by defendant, that a confession obtained after the accused has been charged with a crime cannot be used at trial unless an indigent accused was provided an appointed counsel to be present during the interrogation.
We find no merit in this assignment of error.

ASSIGNMENT OF ERROR NO. 2.
As noted earlier, the defense urged was that defendant was so intoxicated at the time he committed the burglary that he lacked the requisite criminal intent to commit a felony once inside the drugstore. During redirect examination of Officer Paul Harvey, state witness, the prosecutor, apparently exploring defendant's condition on the night of the crime, asked: "Did you see him [defendant] at any time that evening that you felt that he wasn't aware of what he was doing?" After the witness responded to the question, defense counsel objected, contending that the officer could not testify as to what he felt. The trial court overruled the objection, stating that defendant himself had asked the same thing on cross-examination. Defendant denotes this ruling as Assignment of Error No. 2.
In brief to this Court, defendant contends that the trial court erroneously allowed the witness to give opinion evidence. Defendant argues that such testimony was improper and cites in this regard La.R.S. 15:463.[1]
With rare exceptions, a witness can testify only to facts within his knowledge. He may not testify as to an impression he may have. State v. Kirkland, 283 So.2d 713 (La.1973) and the cases cited therein. A witness may, however, state a natural inference from something he has observed. State v. St. Amand, 274 So.2d 179 (La.1973).
In our opinion, the trial court did not err in overruling defendant's objection. Officer Harvey had observed defendant on the night of the crime. Intoxication, with its attendant behavioral manifestations, including disorientation, is an observable condition about which a witness may testify. State v. Ryan, 122 La. 1095, 48 So. 537 (1909). Under the circumstances *501 of the instant case, where defendant himself had placed his mental condition on the night of the crime in issue, and where the defense had elicited similar testimony regarding the defendant's mental condition,[2] we find no error in allowing Officer Hebert to testify as to whether it appeared (i.e., whether he "felt") defendant knew what he was doing.
We therefore find no merit in this assignment of error.
We have reviewed for errors and have found none. Accordingly, defendant's conviction and sentence are affirmed.
NOTES
[1] R.S. 15:463 provides:

"Except as otherwise provided in this code, the witness can testify only as to facts within his knowledge, and neither as to any recital of facts heard by him, or as to any impression or opinion that he may have."
[2] We do not have in this appeal a complete transcript of the testimony adduced at trial. Consequently, we cannot determine if defendant did indeed, as stated by the trial court, ask the identical question of Officer Harvey during cross-examination. From those portions of the transcript which are before us, however, it is apparent that during the course of the trial, defense counsel sought to and did elicit evidence of the same type which lie now complains was improperly elicited from Officer Harvey. For example, during recross-examination of Dep. Holcomb, defense counsel posed the following question: "You felt like this guy [defendant] entered that building, not knowing what he was doing, huh?"