DENNIS, Justice.
Defendant, Nathaniel Glover, was charged by bill of information with possession of heroin, a controlled dangerous substance, with intent to distribute. La.R.S. 40:966(A). On February 21, 1975, a jury found him guilty as charged and he was sentenced to life imprisonment at hard labor. On appeal, he urges a single assignment of error.
On the afternoon of March 7, 1974, two officers of the New Orleans Police Department observed defendant engaging in conversation with a known heroin addict and suspected drug dealer beneath an on-ramp to the Mississippi River Bridge. As the officers approached, defendant threw down a match box which they retrieved and found to contain ten foil packets of a brownish powder, later identified as heroin. Defendant was arrested for possession of heroin.
On cross-examination of one of the arresting officers, defense counsel asked:
“If Glover had handled the match box, or if his fingerprints appear on the matchbox, there would be no question that he handled it?”
The State objected that the question called for a conclusion from the witness, and the court sustained the objection. Defendant assigns this ruling as error.
Generally, a witness may testify only as to facts within his knowledge, and opinion testimony will only be accepted from an expert. La.R.S. 15:463-464. A lay witness may, however, state a natural inference from something he has observed. State v. Neal, 321 So.2d 497 (La.1975). Defendant argues that the question at issue addressed a matter of common knowledge or alternatively, that it required only a natural inference from facts observed. The latter argument is without merit because the question did not call for an inference drawn from the witness’ observations or from other facts as to which he had testified but drew upon his general knowledge. The issue which defendant would then put before us is whether the question involved “a knowledge obtained only by means of a special training or experience,” which thus could be answered only by an expert. La. R.S. 15:464.
Such a formulation of the issue indicates a misapprehension of the full purpose behind the rule restricting lay testimony to “facts within [the layman’s] knowledge.” La.R.S. 15:463 (emphasis supplied). The rule is intended not only to promote the integrity of the factfinding process by insuring that a witness does not testify as to matters beyond the scope of his experience, but also to avoid encumbering the trial with superfluous testimony. If a witness’ opinion is based upon common knowledge and is not grounded in some special training or experience, he has nothing to contribute to the jury which is equipped with the same information. His testimony merely involves an unnecessary consumption of time and a cumbersome addition to the mass of testimony. 2 Wigmore, Evidence, § 557 (3d ed. 1940).
Thus, defendant’s argument that the opinion solicited of the officer involved common knowledge is self-defeating. If defendant is correct, the officer’s testimony was useless to the jury and properly excluded; if he is incorrect, the officer’s opinion was inadmissible because defendant did not establish that he was qualified to give it, La.R.S. 15:466. We think it is appropriate to designate as common knowledge the principle that the presence of a person’s fingerprints on an object indicates that at some point that person handled the object. But for the reasons stated above, we find opinion testimony on this matter superflu *1348 ous and properly excludable by a trial judge in the exercise of his discretion.
Additionally, we note that by rephrasing his question in more general terms, defense counsel succeeded in placing the desired testimony before the jury:
“Q. And if you lifted the prints off of a match box, the prints that you lifted would be the prints of a person who handled the match box, is that true?
“A. At one time or another.”
The assignment of error is without merit.
Accordingly, defendant’s conviction and sentence are affirmed.
AFFIRMED.
SANDERS, C. J., and SUMMERS, J., concur.