FREDERICKA HOMBERG WICKER, Judge.
 

 12Defendant/appellant Jermaine E. Favors timely appeals his conviction and sentence. He assigns as error insufficiency of the evidence to convict him. For the following reasons, we affirm the conviction and sentence and remand for the limited purpose of ordering correction of the commitment/minute entry.
 

 The state charged the defendant by bill of information with violating La. R.S. 141402(E),
 
 [1]
 
 introducing or possessing contraband; namely, Marijuana, into the parish jail. Originally, the state alleged that the offense occurred on or about November 12, 2008. On the date of trial, before jury selection, without objection, the state amended the bill to allege the date as on or about November 10, 2008.
 
 [2]
 
 The jury
 
 *436
 
 found the defendant guilty as charged of violating La. R.S. 14:402(E) concerning Marijuana. The defendant filed a motion for new trial that was denied prior to sentencing on March 80, 2009. After denying the motion, the defendant ^waived the 24-hour delay afforded by La. C. Cr. P. art. 873 by stating his readiness for sentencing. The trial judge sentenced the defendant to three years at hard labor.
 

 Facts
 

 At trial, Sergeant Pierre Harris testified that on November 10, 2008 at approximately 7:80 AM, he discovered Marijuana in the defendant’s cell at the Jefferson Parish Correctional Center. It is undisputed that the defendant had been the sole occupant of the cell in question in the Jefferson Parish Correctional Center for at least ten days before the discovery. The defendant, however, testified that the Marijuana did not belong to him. He believed that the Marijuana belonged to the inmate who had previously occupied the cell. He said that this inmate, Shawn Franklin, told the defendant that the Marijuana was Franklin’s. Mr. Franklin, who was called outside the presence of the jury, testified that he intended to invoke his Fifth Amendment right and did not wish to testify.
 

 Sergeant Harris, a Jefferson Parish Sheriffs supervisor, testified that he works in the Jefferson Parish Correctional Center. Around 7:30 AM on the date in question, Sergeant Hawkins placed a radio call to him asking for assistance at the defendant’s cell. Sergeant Hawkins reported that while he was performing a security check, he smelled an odor.
 

 When Sergeant Harris arrived, he smelled a Marijuana odor. He entered the cell and began searching it. He checked the mattress, and the cubbyhole. He discovered a rolled-up, orange-colored sock between the wall and the bed frame. Sergeant Harris testified that the sock was hidden from view. It was tightly rolled and folded up between the bed frame and the wall. He opened the sock and discovered a plastic bag inside the sock that contained a green substance. The substance was field tested at the correctional center. It tested positive for Marijuana.
 

 |4Puring cross-examination Sergeant Harris testified that there are 13 cells in a pod. He said that the defendant was housed in the first cell that is encountered when a person walks into the pod. Sergeant Harris said approximately 15 individuals were inmates on that floor. Some cells have two bunks while others have one bunk.
 

 Sergeant Harris testified that he has smelled Marijuana before in the correctional center and in other places. He did not check any of the other cells. When asked how he could tell if the odor came from cell number one, he testified that as he entered the cell, he smelled it and the odor was stronger coming from the first cell. He said that it was not coming from cell 12 or cell 13.
 

 Sergeant Harris testified that he did not find matches, a pipe, or any other evidence of burning matter. He found no evidence of smoking. He did not see any evidence that the cigarette was stepped on or that there was a pipe nearby.
 

 
 *437
 
 Sergeant Harris stated that the defendant was already out of the cell when the sergeant arrived. Another sergeant had removed him in order to search the defendant. He stated that there was no way that sock could have been tossed into the cell by anyone else.
 

 During redirect examination, when the state inquired about the fact that he did not find any lights, matches, or roaches, the state asked whether there was a working toilet in the defendant’s cell. The officer replied affirmatively.
 

 The defendant testified that around 7:00 AM to 7:30 AM, on the morning that the officers entered his cell, everyone was sleeping. Sergeant Hawkins told him to step out of the cell. The defendant complied. Sergeant Hawkins brought the defendant into the shower area and performed a strip search. Sergeant Hawkins did not find anything. Then, the sergeant started searching the defendant’s cell. While the sergeant searched the cell, he told the defendant to stay |fion the wall with his hands up. Sergeant Hawkins called for assistance while he was in the defendant’s cell searching it. After that, Sergeant Harris arrived to assist Sergeant Hawkins. Another person also arrived to assist in the search.
 

 The defendant said that he was not the only person to have ever been in that cell. As far as he knew, there could have been 20 previous occupants. He said that when he first came on the floor, Mr. Franklin was his cell mate for approximately five days. Then, the defendant was alone.
 

 During cross-examination, he testified that he did not see Sergeant Harris find the sock during the search of his cell. He stated that it had been approximately ten days before the incident at issue since anyone other than himself or a deputy had been in that cell. He testified that he did not smell Marijuana. But, he acknowledged that he was the only person who would have had any opportunity to smoke Marijuana in that cell.
 

 During redirect examination, he testified that Mr. Franklin wrote him a letter after Mr. Franklin learned that the defendant was charged with this offense. In the letter, Mr. Franklin told the defendant that he did not want to see an innocent person be convicted and he let the defendant know that the Marijuana was Mr. Franklin’s.
 

 Sufficiency
 

 The defendant argues on appeal that there was insufficient direct or circumstantial evidence to convict him for two reasons: (1) The state only proved that he was merely present in the cell where the Marijuana was found. (2) There was no evidence that he had actual knowledge of the Marijuana or that he exercised control and dominion over the substance. The state disagrees.
 

 The constitutional standard for testing the sufficiency of the evidence, as enunciated in
 
 Jackson v. Virginia,
 
 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), requires that a conviction be based on proof sufficient for any rational trier-of-fact, viewing the evidence in the light most favorable to the prosecution, to find the essential elements of the crime beyond a reasonable doubt.
 
 State v. Cummings,
 
 95-1377, p. 2 (La.2/28/96), 668 So.2d 1132, 1133. In reviewing the sufficiency of the evidence to support a conviction, an appellate court in Louisiana is controlled by the
 
 Jackson v. Virginia
 
 standard enunciated by the United States Supreme Court.
 
 State v. Kestle,
 
 07-1573, p. 5 (La.12/2/08), 996 So.2d 275, 278
 
 citing State v. Captville,
 
 448 So.2d 676, 678 (La.1984). When the conviction is based on circumstantial evidence, such evidence must exclude every reasonable hypothesis of innocence.
 
 Id.,
 
 
 *438
 

 citing
 
 La. R.S. 15:438;
 
 State v. Camp,
 
 446 So.2d 1207, 1209 (La.1984);
 
 State v. Wright,
 
 445 So.2d 1198, 1201 (La.1984). However, La. R.S. 15:438 does not establish a stricter standard of review than the more general rational juror reasonable doubt formula. It is merely an evidentiary guide for the trier-of-fact when considering circumstantial evidence.
 
 Id., citing State v. Porretto,
 
 468 So.2d 1142, 1146 (La.1985). The trier-of-fact makes credibility determinations and may accept or reject the testimony of any witness.
 
 Id.
 
 (Citation omitted).
 

 Circumstantial evidence involves, in addition to the assertion of witnesses as to what they have observed, a process of reasoning, or inference by which a conclusion is drawn.
 
 State v. Chism,
 
 436 So.2d 464, 469 (La.1983). The trier-of-fact must decide what reasonable inferences may be drawn from the circumstantial evidence, the manner in which competing inferences should be resolved, reconciled or compromised; and the weight and effect to be given to each permissible inference.
 
 Id.
 

 The reviewing court is not required to determine whether another possible hypothesis of innocence suggested by the defendant offers an exculpatory 17explanation of events. Rather, the reviewing court must determine whether the possible alternative hypothesis is sufficiently reasonable that a rational juror could not have found proof of guilt beyond a reasonable doubt.
 
 State v. Mitchell,
 
 99-3342, p. 7 (La.10/17/00), 772 So.2d 78, 83.
 

 Constitutional law does not require the reviewing court to determine whether it believes the witnesses or whether it believes that the evidence establishes guilt beyond a reasonable doubt.
 
 State v. Spears,
 
 05-0964, p. 3 (La.4/4/06), 929 So.2d 1219, 1222
 
 citing State v. Mussall,
 
 523 So.2d 1305, 1309 (La.1988). Rather, the fact finder is given much discretion in determinations of credibility and evidence, and the reviewing court will only impinge on this discretion to the extent necessary to guarantee the fundamental protection of due process of law.
 
 Spears, supra,
 
 05-0964 at 3, 929 So.2d at 1222-23 (Citations omitted).
 

 It is not the function of the appellate court to assess the credibility of witnesses or to re-weigh the evidence.
 
 State v. Hooker,
 
 05-251, p. 17 (La.App. 5 Cir. 1/17/06), 921 So.2d 1066, 1076
 
 citing State v. Marcantel,
 
 00-1629, p. 9 (La.4/3/02), 815 So.2d 50, 56. As the Louisiana Supreme Court stated, “the Jackson standard does not serve as a vehicle for a reviewing court to second guess the rational credibility determinations of the fact finder at trial.”
 
 State v. Juluke,
 
 98-341 (La.1/8/99), 725 So.2d 1291, 1293 (per curiam) (Citation omitted). The trier-of-fact makes credibility determinations, and may, within the bounds of rationality, accept or reject the testimony of any witness.
 
 State v. Hampton,
 
 98-0331, p. 13 (La.4/23/99), 750 So.2d 867, 880,
 
 cert. denied, Hampton v. Louisiana,
 
 528 U.S. 1007, 120 S.Ct. 504, 145 L.Ed.2d 390 (1999) (Citations omitted).
 

 In the present case, defendant was convicted of introducing into or possessing marijuana into the Jefferson Parish Correctional Center in violation of La. R.S. 14:402. La. R.S. 14:402 provides, in pertinent part, the following:
 

 |SE. It shall be unlawful to possess or to introduce or attempt to introduce into or upon the premises of any municipal or parish prison or jail or to take or send or attempt to take or send therefrom, or to give or to attempt to give to an inmate of any municipal or parish prison or jail, any of the following articles which are hereby declared to be contraband for the purpose of this Section, to wit:
 

 [[Image here]]
 

 
 *439
 
 (5) Any narcotic or hypnotic or excitive drug or any drugs of whatever kind or nature, including nasal inhalators of any variety, sleeping pills or barbiturates of any variety that create or may create a hypnotic effect if taken internally, or any other controlled dangerous substance as defined in R.S. 40:961, et seq[.]
 

 Testing confirmed that the substance found was Marijuana. Marijuana is a controlled dangerous substance.
 
 See
 
 La. R.S. 40:961(7); La. R.S. 40:964; La. R.S. 40:966.
 
 [3]
 

 For purposes of La. R.S. 14:402, possession may be established by showing that the defendant exercised either actual or constructive possession of the substance. A person not in physical possession of a drug is considered to be in constructive possession of the drug, even though it is not in his physical custody, when the drug is under his dominion and control.
 
 State v. Decay,
 
 07-966, p. 7 (La. App. 5 Cir. 6/19/08), 989 So.2d 132, 138,
 
 writ denied,
 
 08-1634 (La.4/13/09), 5 So.3d 161.
 

 Guilty knowledge is an essential component of any showing that a defendant has constructive possession of contraband, i.e., dominion and control over it although the contraband is not in his actual possession.
 
 State v. Pigford,
 
 05-0477, p. 7 (La.2/22/06), 922 So.2d 517, 521 (per curiam) (Citations omitted);
 
 State v. Frith,
 
 08-52, p. 10 (La.App. 5 Cir. 4/29/08), 985 So.2d 792, 798 (Citations omitted). Guilty knowledge may be inferred from the circumstances of the case.
 
 Frith,
 
 08-52 at 10, 985 So.2d at 798 (Citations omitted).
 

 |9Mere presence in an area where drugs are located or mere association with one possessing drugs does not constitute constructive possession.
 
 Frith,
 
 08-52 at 10, 985 So.2d at 798 (Citations omitted).
 
 [4]
 

 In the present case, the jury heard conflicting testimony and evidently rejected the defendant’s testimony that the Marijuana was left in the cell by Mr. Franklin, the defendant’s former cell mate.
 

 The defendant argues that there was weak circumstantial evidence and therefore the evidence was insufficient in light of his alternative hypotheses of innocence. He raises the following to support his hypotheses of innocence: (1) The mere fact that the pod was permeated with Marijuana smoke does not sufficiently prove that he exercised dominion and control over the substance. According to the defendant, since his cell was at the entrance to the pod, the inference was that the Marijuana smell was not localized to his cell alone. (2) There was no evidence to suggest that he had consumed the Marijuana or had actual knowledge of the Marijuana. When he was not in his cell, anyone could have placed something there without his knowledge or consent. (3) There was no evidence to show that his cell had been searched prior to its assignment to him.
 

 We are not required to determine whether another possible hypothesis of in
 
 *440
 
 nocence suggested by the defendant offers an exculpatory explanation of events. Rather, we must determine whether the possible alternative hypothesis is sufficiently reasonable that a rational juror could not have found proof of guilt beyond a reasonable doubt.
 
 State v. Mitchell,
 
 99-3842, p. 7 (La.10/17/00), 772 So.2d 78, 83 (Citation omitted).
 

 |1(lIn this case, the defendant was the sole occupant of the cell in which Sergeant Harris smelled the Marijuana odor. He had been the sole occupant of that cell for at least ten days. Mr. Franklin was no longer there at the time the odor was detected. Although no evidence of burning or consumption was discovered, Sergeant Harris did testify that the cell had a working toilet. Thus, the jury could have reasonably inferred from this testimony that such evidence could have been disposed of. Further, the fact that the Marijuana was hidden supports the defendant’s guilty knowledge. Although the smell was present when entering the pod, Sergeant Harris testified that the odor was stronger from the defendant’s cell. In addition, after explaining the location of where the sock was discovered, Sergeant Harris stated that the sock could not have been tossed into the defendant’s cell by someone else. And the defendant acknowledged that he was the only person in the cell who would have had the opportunity to smoke Marijuana in the cell.
 

 Based on the foregoing, the evidence, viewed in a light most favorable to the state, was sufficient to establish that the defendant was guilty of the charged offense.
 
 [5]
 

 Accordingly, this assignment of error lacks merit.
 

 Error Patent
 

 The record was reviewed for errors patent, according to La. C. Cr. P. art. 920;
 
 State v. Oliveaux,
 
 312 So.2d 337 (La. 1975);
 
 State v. Weiland,
 
 556 So.2d 175 (La.App. 5 Cir.1990). A review of errors patent revealed that the specific section under which the defendant was charged with omitted. In this case the bill of 11T information simply contained a charge under the general provisions of La. R.S. 14:402 without citing the pertinent section.
 

 An accused has a constitutional right to be informed of the nature and cause of the accusation against him. La. Const. Art. I, § 13. That constitutional requirement is codified in La. C. Cr. P. art. 464, which provides:
 

 The indictment shall be a plain, concise, and definite written statement of the essential facts constituting the offense charged. It shall state for each count the official or customary citation of the statute which the defendant is alleged to have violated. Error in the citation or its omission shall not be ground for dismissal of the indictment or for reversal of a conviction if the error or omission did not mislead the defendant to his prejudice.
 

 The charge, however, specified that the defendant was charged with introducing into or possessing marijuana in the Jeffer
 
 *441
 
 son Palish Correctional Center. The reference to parish prison implicated Section E of the statute.
 

 The time for testing the sufficiency of an indictment or bill of information is before trial by way of a motion to quash or an application for a bill of particulars.
 
 State v. Draughn,
 
 06-1825, p. 60 (La.1/17/07), 950 So.2d 583, 623,
 
 cert. denied, Draughn v. Louisiana,
 
 552 U.S. 1012, 128 S.Ct. 537, 169 L.Ed.2d 377 (2007) (Citation omitted). The defendant did not file a motion to quash the bill as defective.
 
 See:
 
 La. C. Cr. P. art. 532(2). He did, however, file a motion for a bill of particulars and was given discovery by the state.
 

 Given the failure to file a motion to quash, the defendant arguably waived any claim based on the allegedly defective indictment.
 
 State v. Campbell,
 
 06-0286, p. 94 (La.5/21/08), 983 So.2d 810, 870,
 
 cert. denied, Campbell v. Louisiana,
 
 — U.S. -, 129 S.Ct. 607, 172 L.Ed.2d 471 (2008). Even so, in Campbell, the Louisiana Supreme Court addressed assigned errors regarding an alleged defective indictment based on the constitutional mandate that an accused has a constitutional right to be informed of the nature and cause of the accusation against him.
 
 Id.
 

 112The failure to cite the correct criminal statute number is a technical deficiency in the bill of information which is not grounds for reversal unless the defendant can show surprise or lack of notice which causes prejudice.
 
 State v. Sims,
 
 426 So.2d 148, 158 (La.1983) (Citations omitted). In this case, there is no showing of prejudice or surprise in that the wording of the bill of information is sufficiently clear to inform the defendant that he is charged with violating Section E of the statute. Thus, the misstatement in the bill of information is not ground for reversal of the conviction.
 

 Our error patent review also revealed that the commitment/minute entry is inaccurate in two respects: First, the transcript reflects that the defendant was found guilty by a jury on January 21, 2009 while the commitment/minute entry reflects that defendant was convicted on January 27, 2009.
 

 Second, the commitment is also inaccurate in that it indicates that the defendant was found guilty of 14:402, contraband in a correctional center. In fact, the defendant was convicted by a jury of La. R.S. 14:402(E), concerning contraband in a correctional center; namely, parish prison. Accordingly, we remand this matter to the trial court for the limited purpose of correcting the commitment/minute entry. We order the commitment/minute entry to be amended to reflect the correct statute and to show the correct date that the defendant was found guilty by a jury.
 
 Compare: State v. Stevenson,
 
 02-769, p. 10 (La.App. 5 Cir. 1/28/03), 839 So.2d 340, 346,
 
 writ denied,
 
 03-0833 (La.10/31/03), 857 So.2d 472 (remand for correction of date that charges were resolved);
 
 State v. Pomeroy,
 
 97-1258, p. 9 (La.App. 5 Cir. 5/13/98), 713 So.2d 642, 646 (remand to reflect the correct statute).
 

 Further, we direct the district court to make the entries in the minutes reflecting these changes and direct the clerk of court to transmit the original of the |isminute entry to the officer in charge of the institution to which the defendant has been sentenced.
 
 See:
 
 La. C. Cr. P. art. 892(B)(2);
 
 State ex rel. Roland v. State,
 
 06-0244 (La.9/15/06), 937 So.2d 846 (per curiam).
 

 Conclusion
 

 For the reasons stated herein, the defendant’s conviction and sentence are hereby affirmed. The case is remanded to the trial court for the limited purpose of correcting the commitment as more fully discussed in this opinion.
 

 
 *442
 

 CONVICTION AND SENTENCE AFFIRMED; CASE REMANDED FOR LIMITED PURPOSE.
 

 [1]
 

 .
 
 See
 
 error patent discussion
 
 infra.
 

 [2]
 

 . In the instant case, the actual date the offense is alleged to have occurred is not an essential element of the offense. La. R.S.
 
 *436
 
 14:402(E). When the date of the alleged offense is not an essential element of the offense charged, a mistake respecting the date on which the offense occurred is only a defect of form which may be corrected at any time with leave of court.
 
 State v. McCoy,
 
 337 So.2d 192, 195 (La.1976), citing in part La. C. Cr. P. arts. 468 and 487. In this case, there was testimony concerning only one alleged offense during that time.
 

 [3]
 

 . Marijuana (Marihuana) was formerly classified as a Schedule I drug by La. R.S. 40:964(0(22), which was amended by La. Acts 2008, No. 67, § 1. Thereafter, La. R.S. 40:964(0(19) included "Marihuana" as a Schedule I drug.
 

 [4]
 

 . There are several factors to consider in determining whether a defendant exercised sufficient control and dominion to establish constructive possession, including: (1) his knowledge that drugs were in the area; (2) his relationship with the person, if any, found to be in actual possession; (3) his access to the area where the drugs were found; (4) evidence of recent drug consumption; and (5) his physical proximity to drugs.
 
 State v. Major,
 
 03-3522, pp. 7-8 (La. 12/1/04), 888 So.2d 798, 802 (Citation omitted).
 

 [5]
 

 . Compare:
 
 State v. Converse,
 
 529 So.2d 459, 463 (La.App. 1 Cir.1988),
 
 writ denied,
 
 533 So.2d 355 (La.1988), in which the defendant argued the evidence was insufficient to sustain his conviction of possession of contraband in a penal institution. After viewing the evidence in the light most favorable to the state, the court found that any rational trier of fact could have found that the defendant had constructive possession of the items of contraband found in his cell, which he alone occupied. The
 
 Converse
 
 court also noted that any rational trier of fact could have inferred that the defendant concealed them because of guilty knowledge that institutional regulations prohibited him from having them in the cell.
 
 Id.
 
 at 464.